IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

WILLIE PATTERSON,                          :
                                           :
                    Plaintiff              :
                                           :
         VS.                               :
                                           :
Nurse SHIRLEY LEWIS, Sheriff               :     CIVIL ACTION NO. 7:05-cv-4(HL)
ASHLEY PAULK, and Nurse LOUISE             :
WHITE,                                     :
                    Defendants             :     **RECOMMENDATION**
_____

Plaintiff **WILLIE PATTERSON**, a detainee at the Lowndes County Jail ("LCJ") in

Valdosta, Georgia, has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983 against the

above-named defendants.

## I.  STANDARD OF REVIEW

### A.  28 U.S.C. § 1915(e)(2)

Pursuant to 28 U.S.C. § 1915(e)(2), the Court is required to review complaints filed by

prisoners against a governmental entity or its employees and dismiss any portion of the complaint

the Court finds:  (1) is frivolous or malicious; (2) fails to state a claim on which relief may be

granted; or (3) seeks monetary relief against a defendant who is immune from such relief.  An action

is frivolous when the plaintiff's legal theory or factual contentions lack an arguable basis either in

law or fact.  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  In determining whether a cause of

action fails to state a claim on which relief may be granted, as contemplated by Federal Rule of Civil

Procedure 12(b)(6), the Court must dismiss "if as a matter of law 'it is clear that no relief could be

Dockets.Justia.com

granted under any set of facts that could be proved consistent with the allegations,' . . . without regard to whether it is based on an outlandish legal theory or on a close but ultimately unavailing one." *Neitzke*, 490 U.S. at 327 (quoting *Hishon* **v.** *King & Spalding*, 467 U.S. 69, 73 (1984)).

### B.  General Requirements of 42 U.S.C. § 1983

In order to state a claim for relief under section 1983, a plaintiff must allege two elements. First, the plaintiff must allege that an act or omission deprived him of a right, privilege, or immunity secured by the Constitution of the United States. *See Wideman v. Shallowford Community Hosp., Inc.*, 826 F.2d 1030, 1032 (11th Cir. 1987).  Second, the plaintiff must allege that the act or omission was committed by a person acting under color of state law. *Id.*

## II.  BACKGROUND

Shortly after plaintiff's incarceration at the LCJ, his foot allegedly became infected. Plaintiff apparently believes the infection resulted from the prison shower.  Plaintiff allegedly complained about his foot for a week, but to no avail.  Finally, when plaintiff's foot was so swollen he could hardly walk, an unidentified officer called medical.  Plaintiff was seen by medical personnel who gave him antibiotics.  Unfortunately, plaintiff's foot did not get better; instead, plaintiff alleges it burst open from the infection.

Thereafter, plaintiff claims an unidentified officer moved plaintiff to a new cell and improperly assigned him a top bunk, despite his injured foot.  Plaintiff does not name this officer as a defendant.  The following morning plaintiff slipped and fell while climbing down from the top bunk, which had no ladder.  Plaintiff alleges that he had to crawl 1500 feet or more to medical.

When plaintiff arrived at medical, defendant Nurse Shirley Lewis allegedly advised plaintiff that she was preparing to leave for the day and would have to see him tomorrow. According to plaintiff, Nurse Lewis never called for him. After a month or so, plaintiff started experiencing pain and numbness in his hip and lower back. Plaintiff alleges that medical personnel failed to take x-rays and only gave him pain medication.

Plaintiff neglected to raise any allegations against named defendants Sheriff Ashley Paulk and Nurse Louise White.

## III. DISCUSSION

### A. Sheriff Ashley Paulk and Nurse Louise White

Despite naming Sheriff Paulk and Nurse White as parties, plaintiff does not mention Paulk or White in the body of his complaint, or specifically allege their personal involvement in any of the actions that led to the alleged deprivations of plaintiff's constitutional or federal rights. Accordingly, it is **RECOMMENDED** that the complaint against **SHERIFF ASHLEY PAULK** and **NURSE LOUISE WHITE** be **DISMISSED**.

Under 28 U.S.C. § 636(b)(1), plaintiff may serve and file written objections to this recommendation with the district judge to whom this case is assigned, within ten (10) days after being served a copy of this order.

### B. Nurse Shirley Lewis

Although it is not clear whether plaintiff has stated a constitutional claim against Nurse Shirley Lewis for deliberate indifference to serious medical needs, the undersigned cannot determine

at the present time that the allegations are entirely frivolous. Accordingly, the Court will, by separate order, allow plaintiff's claim against Lewis to go forward.

      **SO RECOMMENDED**, this 8th day of March, 2005.


          /s/ Richard L. Hodge
          RICHARD L. HODGE
          UNITED STATES MAGISTRATE JUDGE