IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| WILLIE PATTERSON, : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | Case No. |
| : | 7:05-CV-4 (HL) |
| Nurse SHIRLEY LEWIS, : | |
| Sheriff ASHLEY PAULK, : | |
| and Nurse LOUISE WHITE, : | |
| : | |
| Defendants. : | |

# O R D E R

Before this Court is a Report and Recommendation (the "Recommendation") (Doc. 5) from United States Magistrate Judge Richard L. Hodge advising this Court to dismiss Defendants Paulk and White from this case. Plaintiff filed an Objection (Doc. 8) to the Recommendation. For the reasons set forth below, the Objection is overruled, and the Recommendation is modified.

Pursuant to the reviewing provisions of 28 U.S.C. § 1915(e)(2), the Magistrate Judge determined that "[d]espite naming Sheriff Paulk and Nurse White as parties, plaintiff does not mention Paulk or White in the body of his complaint, or specifically allege their personal involvement in any of the actions that led to the alleged deprivations of plaintiff's constitutional or federal rights." (Report & Recomm. at 3, Doc. 5.) Therefore, the Magistrate Judge advised this Court to dismiss Paulk and White. In his objection Plaintiff seems to indicate that he desires to sue Paulk on a respondeat superior theory. Further, for the first time in his objection, Plaintiff

addresses his grievances against Nurse White.

The Court finds no error in the Magistrate Judge's Recommendation. This is because an objection is not the proper vehicle to set forth–for the first time–the claims in a case or the facts supporting those claims. Rather, after a complaint has been filed, the proper vehicle is a motion to amend the complaint under Federal Rule of Civil Procedure 15(a). Rule 15(a) states the following:

> A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, the party may so amend it at any time within 20 days after it is served. Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires.

Fed. R. Civ. P. 15(a). In other words, if Plaintiff desires to set forth claims and the facts supporting those claims against Paulk and White, he must make the proper motion. Therefore, Plaintiff's Objection is overruled, and the Recommendation is modified. Specifically, if by August 1, 2005, Plaintiff fails to file a Rule 15(a) motion to amend his complaint with regard to Paulk and White, they shall be dismissed from this case. The Court makes no opinion at this time as to whether Plaintiff's motion to amend would be successful.

**SO ORDERED**, this the 6th day of July, 2005.

       /s/ Hugh Lawson
**HUGH LAWSON**, Judge

jmb