IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| WILLIE PATTERSON, | : | |
| | : | |
| Plaintiff | : | |
| | : | |
| | : | |
| VS. | : | **7 : 05-CV-04 (HL)** |
| | : | |
| Nurse SHIRLEY LEWIS, | : | |
| | : | |
| | : | |
| Defendant. | : | |

**RECOMMENDATION**

Presently pending in this § 1983 action are two (2) motions to dismiss filed by defendant Shirley Lewis.  The plaintiff filed this action in January 2005, raising allegations of deliberate indifference to his serious medical needs while confined at the Lowndes County Jail.  Two (2) defendants have been dismissed following the plaintiff's failure to file an amended complaint setting forth his claims against them.  In the first motion to dismiss, defendant Lewis maintains that the plaintiff failed to state a claim of deliberate indifference against her.  In the second motion to dismiss, defendant Lewis argues that the plaintiff has failed to diligently prosecute this lawsuit.

The defendants' motions to dismiss can be granted only if Plaintiff's complaint, with all factual allegations accepted as true, demonstrates "beyond doubt that the plaintiff can prove no set of facts in support of [his] claim that would entitle [him] to relief."  Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Jackam v. Hosp. Corp. of Am. Mideast, Ltd., 800 F.2d 1577, 1579 (11th Cir. 1986).  In regard to his claims of deliberate indifference, the plaintiff alleges that Nurse

Lewis was deliberately indifferent to the condition of his foot, which he alleges became infected after using the jail showers.  Plaintiff maintains that he eventually received antibiotics for the infection, but that after falling from a top bunk and crawling to medical, Nurse Lewis refused to treat him, as she was leaving for the day, and did not call for him the next day.  Plaintiff further maintains that he later began experiencing pain in his hip and back as result of the fall.

Although, as noted in the court's initial service order, it is unclear as to whether plaintiff's claim against defendant Lewis will ultimately prove successful, the court cannot say "beyond doubt that the plaintiff can prove no set of facts in support of [his] claim that would entitle [him] to relief."  Conley, 355 U.S. at 45.

In regard to the plaintiff's alleged failure to diligently prosecute this lawsuit, defendant Lewis argues that the plaintiff "failed to obey this Court's order dated May 10, 2005 as there has not been a substantive response from Plaintiff to her [] Motion to Dismiss.  Additionally, Plaintiff has not diligently prosecuted his case . . . [having] conducted no discovery".  Defendant Lewis also seems to base her motion on plaintiff's failure to amend his complaint following the court's July 6, 2005, order providing the plaintiff additional time to clarify his claims against defendants Paulk and White.  Defendant's Motion to Dismiss at # 19.  Under Rule 41(b) of the Federal Rules of Civil Procedure, a case may be dismissed upon a determination of a "clear record of delay or willful contempt and a finding that lesser sanctions would not suffice." Goforth v. Owens, 766 F.2d 1533, 1535 (11th Cir. 1985).  Litigants proceeding *pro se* are not exempted from this requirement of diligent prosecution.  Moon v. Newsome, 863 F.2d 835 (11th Cir. 1989).  The court's inherent power to dismiss cases in which the plaintiff has failed to diligently prosecute his action "is necessary in order to prevent undue delays in the disposition of

pending cases and to avoid congestion in the calendars of the District Courts." Link v. Wabash R.R., 370 U.S. 626, 630 (1962).

Although the plaintiff did not file an amended complaint in response to the Court's July 6, 2005, order and did not timely file a response to defendant's Lewis's first motion to dismiss, neither of the court orders at issue *required* the plaintiff to file a response.  Rather, both orders directed the plaintiff to respond if he wished to pursue claims against the original defendants and if he wished to respond to defendant Lewis' motion to dismiss.  Additionally, the court notes that this matter has been pending for only one (1) year, and that the final order dismissing certain defendants was not issued until September 2005.  Accordingly, and in light of the plaintiff's *pro se* status, a review of this action reveals an inadequate record upon which to recommend dismissal for the plaintiff's failure to prosecute.

Accordingly, it is the recommendation of the undersigned that the defendant's motions to dismiss be **DENIED**.  Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this recommendation with the Honorable Hugh Lawson, United States District Judge, WITHIN TEN (10) DAYS of receipt thereof.

Should this recommendation be adopted, the undersigned will address any requests from the parties to reopen the discovery period and allow this matter to proceed against defendant Lewis.

**SO RECOMMENDED**, this 11th day of January, 2006.

      /s/ **Richard L. Hodge**
      RICHARD L. HODGE
      UNITED STATES MAGISTRATE JUDGE