IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

|  |  |  |
|---|---|---|
| WILLIE PATTERSON, | : | |
| | : | |
| Plaintiff | : | |
| | : | |
| | : | |
| VS. | : | |
| | : | **7 : 05-CV-04 (HL)** |
| LOWNDES COUNTY JAIL, | : | |
| SECURED HEALTH SERVICES, | : | |
| and SHIRLEY LEWIS, | : | |
| | : | |
| | : | |
| Defendants. | : | |

**ORDER**

Presently pending in this § 1983 action are the plaintiff's motions for appointment of counsel and motions to amend.  The court notes that in a letter filed on May 4, 2006, the plaintiff indicates that he was still using defense counsel's prior address for service purposes.  Although the court cannot discern when defense counsel's address was changed in the electronic docketing system, it does appear that defense counsel is now using a different P.O. Box number than that in use at the beginning of this lawsuit.  It further appears that the plaintiff may not have received notice of this change.  Plaintiff should note that the current address for defense counsel is as follows, and defense counsel is reminded of her duty to keep the plaintiff informed as to any future changes.

**Erin Brownfield Raley**
**P.O. Box 9848**
**Savannah, GA 31412-0048**

*Motions for appointment of counsel*

Generally speaking, no right to counsel exists in § 1983 actions.  Wahl v. McIver, 773 F.2d 1169, 1174 (11th Cir. 1985); Hardwick v. Ault, 517 F.2d 295, 298 (5th Cir. 1975); Mekdeci v. Merrel Nat'l. Lab., 711 F.2d 1510, 1522 n.19 (11th Cir. 1983).  Appointment of counsel is a privilege that is justified only by exceptional circumstances. Lopez v. Reyes, 692 F.2d 15, 17 (5th Cir. 1982); Branch v. Cole, 686 F.2d 264, 266 (5th Cir. 1982); Ulmer v. Chancellor, 691 F.2d 209 (5th Cir. 1982).

In deciding whether legal counsel should be provided, the court typically considers, among other factors, the merits of the plaintiff's claim and the complexity of the issues presented. See Holt v. Ford, 862 F.2d 850, 853 (11th Cir. 1989).  Applying the standards set forth in Holt, it appears that at the present time, the essential facts and legal doctrines in this case are ascertainable by the plaintiff without the assistance of court-appointed legal counsel and that the existence of exceptional circumstances has not been shown by the plaintiff.  Thus far, the plaintiff has clearly set forth his claims.  The court on its own motion will consider assisting plaintiff in securing legal counsel if and when it becomes apparent that legal assistance is required in order to avoid prejudice to his rights.  Accordingly, plaintiff's motions for appointment of counsel are **DENIED** at this time.

*Motions to amend*

In his motions to amend, the plaintiff appears to offer a restatement of his original complaint and asks that the discovery period be reset.  To the extent that the plaintiff continues to pursue claims against already dismissed defendants Paulk and White, his motions to amend are **DENIED**.  The plaintiff was provided ample opportunities to supplement his claims against Paulk and White, yet he failed to do so.  If the plaintiff seeks to reopen the discovery period as to defendant Lewis, he must file a motion seeking such relief, properly served on defense counsel

using the current address provided herein.

**SO ORDERED**, this 6th day of June, 2006.

 /s/ ***Richard L. Hodge***                              
RICHARD L. HODGE
UNITED STATES MAGISTRATE JUDGE

asb